[Cite as *State v. Evans*, 2016-Ohio-7256.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     15AP0054 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD CURTIS EVANS | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No.     2015 CRC-I 000043 |

DECISION AND JOURNAL ENTRY

Dated: October 11, 2016

HENSAL, Judge.

{¶1}    Richard Evans appeals a judgment of the Wayne County Court of Common Pleas that convicted and sentenced him for aggravated vehicular homicide and operating a vehicle under the influence of alcohol or drugs.  For the following reasons, this Court affirms.

I.

{¶2}    On the evening of December 23, 2014, Mr. Evans was driving his niece home when he collided with a vehicle being driven by Melanie Wickens, causing Ms. Wickens's death. Following the collision, Mr. Evans continued on to his niece's house, where officers found him outside a short time later.  After Mr. Evans exhibited a number of clues during field sobriety tests, the police obtained a warrant to draw his blood.  Although the result of the blood draw was .094, an expert extrapolated that Mr. Evans's blood alcohol content at the time of the crash would have been approximately .165.

{¶3} The Grand Jury indicted Mr. Evans on two counts of aggravated homicide, one count of aggravated vehicular assault, one count of vehicular assault, and one count of operating a vehicle under the influence of alcohol or a drug of abuse. Following voir dire, Mr. Evans waived his right to a jury trial. The trial court found him guilty of the aggravated-homicide and operating-a-vehicle-under-the-influence counts. After merging the aggravated homicide offenses for the purpose of sentencing, it sentenced him to eight years imprisonment. Mr. Evans has appealed, assigning three errors, which we have reordered for ease of consideration.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR BY ADMITTING THE DEATH CERTIFICATE INTO EVIDENCE ABSENT A QUALIFIED WITNESS TO TESTIFY CONCERNING THE CAUSE OF DEATH.

{¶4} Mr. Evans argues that the trial court incorrectly admitted Ms. Wickens's death certificate. According to him, because there was no qualified witness to testify about Ms. Wickens's cause of death, her death certificate was inadmissible. Mr. Evans concedes that, because he did not object to the admission of the death certificate at trial, he is limited to arguing plain error. Crim.R. 52(B).

{¶5} Under Criminal Rule 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "Notice of plain error * * * is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. "Plain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Wickline*, 50 Ohio St.3d 114, 120 (1990).

{¶6}    In support of his argument, Mr. Evans relies on *State v. Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019.  In *Maxwell*, the Ohio Supreme Court confirmed that "an autopsy report completed by a nontestifying medical examiner [is] admissible as a nontestimonial business record under Evid.R. 803(6)."  *Id*. at ¶ 47, 57.  The Court explained that an autopsy report is nontestimonial because its primary purpose is to document a person's cause of death for public records and the public health.  *Id*. at ¶ 57.  Its admission, therefore, did not violate Mr. Maxwell's confrontation rights.  *Id*. at ¶ 63.

{¶7}    Mr. Evans argues that his case is distinguishable from *Maxwell* because, even though the medical examiner who performed the autopsy in that case did not testify, the examiner's successor did testify about the report.  According to Mr. Evans, under *Maxwell*, a death certificate is only admissible if a qualified medical professional testifies about the victim's cause of death.  Otherwise, a defendant has no meaningful opportunity to challenge the cause of death.

{¶8}    Initially, we note that *Maxwell* involved the admissibility of an autopsy report, not a death certificate.  Regarding death certificates, Revised Code Section 313.19 specifically provides that the "cause of death and the manner and mode in which death occurred, as * * * incorporated in the coroner's verdict and in the death certificate * * * shall be the legally accepted manner and mode in which such death occurred, and the legally accepted cause of death * * *."  *See also Vargo v. Travelers Ins. Co., Inc.*, 34 Ohio St.3d 27, 30-31 (1987) (explaining that a coroner's duties under Section 313.19 are quasi-judicial in character and concluding that the statute "suffers from no constitutional infirmities.").

{¶9}    Even if *Maxwell*'s holdings about the admissibility of autopsy reports apply to death certificates, there is no language in *Maxwell* that suggests that an autopsy report or death

certificate is inadmissible unless the coroner who completed it or a substitute is available for cross-examination. *See Maxwell* at syllabus. In *Maxwell*, the Ohio Supreme Court did not hold that an autopsy report is inadmissible unless another qualified medical professional testifies about the report. The issue that it addressed about the successor medical examiner was whether the successor was permitted to testify about an autopsy report he had not written. The Court held that, because the successor had reached his own independent judgment about the victim's cause of death and was available for cross-examination, his testimony did not violate Mr. Maxwell's confrontation rights. *Id*. at ¶ 53.

{¶10} We also note that the death certificate in this case indicated only that Ms. Wickens died from blunt force trauma to the head that occurred during a motor vehicle accident. It did not indicate who was responsible for the collision. Contrary to Mr. Evans's assertion, therefore, the death certificate did not establish that "Mr. Evans caused the death of * * * Ms. Wickens." Upon review of the record, we conclude that Mr. Evans has not established that the trial court committed plain error when it allowed the State to admit Ms. Wickens's death certificate even though the coroner did not testify. Mr. Evans's second assignment of error is overruled.

ASSIGNMENT OF ERROR I

MR. EVANS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

{¶11} Mr. Evans argues that his trial counsel was ineffective. To prevail on a claim of ineffective assistance of counsel, Mr. Evans must show (1) that counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for counsel's deficient performance the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687

(1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). Further, to establish prejudice, Mr. Evans must show that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. *Id*. at 694.

{¶12} According to Mr. Evans, his counsel was ineffective because he did not object to the admission of Ms. Wickens's death certificate. Mr. Evans repeats his argument that, under *Maxwell*, the death certificate was inadmissible unless a qualified expert witness testified who had reviewed the report and could form her own independent opinions about it. As we explained earlier, however, the Ohio Supreme Court did not make such a holding in *Maxwell*. Instead, it confirmed that an autopsy report is "a nontestimonial business record and that its admission did not impinge on [the] defendant's confrontation rights." *Maxwell*, 139 Ohio St.3d 12, 2014-Ohio-1019, at ¶ 54, 63. It also held that a medical examiner who did not prepare the autopsy report could testify about "his own independent judgment on the cause and manner of * * * death." *Id*. at ¶ 53.

{¶13} Mr. Evans also argues that his counsel should have objected when one of the police officers who responded to the collision testified about Ms. Wickens's cause of death. The officer, however, simply read what was written on Ms. Wickens's death certificate. Because the death certificate was admissible, we conclude that counsel's failure to object to the officer's testimony did not fall below an objective standard of reasonableness.

{¶14} Mr. Evans further argues that his counsel failed to undertake a reasonable investigation of the facts of his case. According to Mr. Evans, his counsel should have consulted with potential experts who could have disputed his blood alcohol content at the time of the collision or determined whether the brakes and accelerator on his vehicle malfunctioned before it happened.

{¶15} Although Mr. Evans's counsel was required to undertake a reasonable investigation of the facts of a case, he was not required "to hire an investigator." *State v. Hairston*, 9th Dist. Lorain No. 05CA008768, 2006-Ohio-4925, ¶ 36. In addition, there is nothing in the record that establishes that Mr. Evans's counsel would have been able to find experts to support his allegations. Upon review of the record, we conclude that Mr. Evans cannot establish on direct appeal that he was prejudiced by his counsel's failure to retain experts. *See State v. Rafferty*, 9th Dist. Summit No. 26724, 2015-Ohio-1629, ¶ 132 (concluding that defendant could not establish on direct appeal that counsel's lack of investigation prejudiced him because this Court's review was confined to the record.); App.R. 12(A)(1)(b). Mr. Evans's first assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED BY DENYING MR. EVANS'[S] CRIMINAL
RULE 29 MOTION FOR ACQUITTAL ON COUNTS ONE AND TWO OF
THE INDICTMENT.

{¶16} Mr. Evans's final argument is that, if Ms. Wickens's death certificate had been properly excluded, he would have been entitled to a judgment of acquittal on the aggravated vehicular homicide counts. When reviewing the denial of a motion for acquittal, however, this Court examines all "the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt."

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Furthermore, as we explained earlier, Ms. Wickens's death certificate was admissible. Mr. Evans's third assignment of error is overruled.

III.

**{¶17}** Mr. Evans's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

PATRICK L. BROWN, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.